**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

|  |  |  |
|---|---|---|
| BENEDICT EMESOWUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:20-cv-113 (RDA/TCB) |
| | ) | |
| ASHLEY BUXTON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on *pro se* Plaintiff Benedict Emesowum's ("Plaintiff") objection to this Court's Rule 16(b) Scheduling Order ("Rule 16(b) Order") (Dkt. 37). The Court construes Plaintiff's objection as a motion to amend the Rule 16(b) Order. For the reasons articulated below, Plaintiff's motion is granted in part and denied in part.

### I. BACKGROUND

On July 8, 2020—one week before the initial pretrial conference—Defendants timely filed their proposed discovery plan by the deadline in this Court's June 19, 2020 Scheduling Order. (*See* Dkt. 34 ("The parties must file their proposed discovery plan by the Wednesday preceding the Rule 16(b) conference."); Dkt. 35.) Defendants informed the Court that they were unable to confer with Plaintiff prior to filing their proposed discovery plan because Plaintiff had not provided them with a telephone number or email address. Defendants' counsel wrote a letter to Plaintiff asking him to call or email to discuss discovery matters but was unable to speak to Plaintiff prior to the July 8 filing deadline. Plaintiff did not file a proposed discovery plan.

The Court reviewed Defendants' proposed discovery plan and issued a Rule 16(b) Order

on July 8, 2020. (Dkt. 36.) Of relevance here, the Court (1) approved Defendants' proposed discovery plan and ordered that it "shall control discovery to the extent of its application unless further modified by the Court"; and (2) waived Federal Rule of Civil Procedure 26(a)(1) initial disclosures. (*Id.* ¶¶ 2, 4.) By approving Defendants' proposed discovery plan, the Court adopted by incorporation Defendants' proposal that "the deadline for joining additional parties or amending pleadings will be thirty (30) days after the date of [the] initial pretrial conference (July 15, 2020)." (Dkt. 35 ¶ 2.) In other words, the deadline for joinder of parties or amendment of pleadings is now Friday, August 14, 2020.

Two weeks later, Plaintiff filed an objection to the Rule 16(b) Order. (Dkt. 37.) Plaintiff first insisted that as a *pro se* litigant, he "has the right to protect his privacy" because "litigants like defendants and the Courts have had a history of not doing so." (Dkt. 37 at 1.) Plaintiff further objected to the Rule 16(b) Order on two grounds. First, Plaintiff objected to the Court's waiver of initial disclosures as prejudicial. Second, Plaintiff objected to the Court approving the Defendants' proposed deadline for joinder of parties or amendment of pleadings because "it puts a time constraint on him." (Dkt. 37 at 1-2.) Plaintiff has apparently requested "the full names of all defendants in order to make further claims and add them as defendants." (*Id.* at 2.) As such, Plaintiff requests "that the time to add new defendants be modified to 45 days from the date defendants disclose the full names and ranks of all officers involved at the time of the incident." (*Id.*) Defendants filed an opposition on July 24, 2020, arguing that Plaintiff could not show good cause to amend the Court's Rule 16(b) Order. (Dkt. 38.) Plaintiff did not file a reply, so this matter is now ripe for disposition.

II. Analysis

### A.      Plaintiff's Contact Information

Local Civil Rule 7(B) states: "All pleadings filed by non-prisoner litigants proceeding *pro se* shall contain an address where notice can be served on such person and a telephone number where such person can be reached or a message left." L. Civ. R. 7(B). Here, Plaintiff has provided his postal address to the Court and Defendants' counsel, but his objection and other filings in this matter do not contain his phone number. Plaintiff's conduct therefore violates Local Civil Rule 7(B). Accordingly, the Court will require Plaintiff to file his telephone number with the Court and Defendants' counsel by Monday, August 10, 2020.[1]

### B.      Plaintiff's Objections

As an initial matter, because Plaintiff did not file a proposed discovery plan by the July 8 deadline or work to develop a timely and agreeable joint proposed discovery plan with Defendants, he has no grounds to now object to the Court's Rule 16(b) Order. The Court will, nevertheless, consider Plaintiff's objections.

#### 1.      *Initial Disclosures*

Under Rule 26(a)(1)(C), initial disclosures are due within fourteen (14) days after the parties' Rule 26(f) conference unless the parties stipulate otherwise, the court orders otherwise, or a "party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan." Fed. R. Civ. P. 26(a)(1)(C).

Here, in their proposed discovery plan, Defendants proposed waiving initial disclosures, or in the alternative, that the parties' disclosures be provided according to the timeline in Rule

---

[1] The Rule does not explicitly require a *pro se* litigant to provide an email address. While it is not required, the Court encourages Plaintiff to provide his email address to the Court and to Defendants' counsel to avoid unnecessary miscommunications in the future.

26(a)(1)(C). As noted above, the Court waived initial disclosures pursuant to the Defendants' proposed discovery plan. Upon further review, the Court finds that Plaintiff's objection has merit and that the parties should exchange initial disclosures under Rule 26(a)(1) to more fully develop discovery. Accordingly, both parties must serve initial disclosures by Friday, August 21, 2020.

2.   *Joinder of Parties and Amendment of Pleadings Deadline*

Second, Plaintiff objects to the Court's adoption of Defendants' proposed deadline for the joinder of parties or amendment of pleadings as August 14, 2020—only nine days from now. In their opposition, Defendants note that they did not receive Plaintiff's interrogatory request for the officers' full names until July 20, 2020. Under Federal Rule of Civil Procedure 33, Defendants' substantive responses are not due until August 19, 2020. *See* Fed. R. Civ. P. 33(b)(2).[2] Defendants also represent that they will timely respond to Plaintiff's interrogatories under the Local Civil Rules and the Federal Rules of Civil Procedure. Therefore, to the extent Plaintiff's motion is requesting the Court to compel Defendants to provide the full names of the officers involved at this time, Plaintiff's request is denied without prejudice pending Defendants' discovery responses and initial disclosures.

Plaintiff also requests that the Court modify the deadline to amend pleadings or join parties "to 45 days from the date [D]efendants disclose the full names and ranks of all officers involved at the time of the incident." (Dkt. 37 at 2.) Upon further review, the Court finds that the joinder of parties or amendment of pleadings shall be governed by the Federal Rules of Civil

---

[2] The Court calculated this thirty (30)-day deadline without regard to Federal Rule of Civil Procedure 6(d), because the Court is unaware of how Plaintiff served his interrogatories. If Plaintiff mailed the interrogatories—which seems plausible since Defendants' counsel does not possess Plaintiff's email address—then Defendants' responses would be due on Monday, August 24, 2020.

Procedure and will amend the Rule 16(b) Order accordingly.[3]

### III. ORDER

It is hereby **ORDERED** that Plaintiff's motion to amend the Rule 16(b) Order (Dkt. 37)

is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1)    To the extent Plaintiff requests the Court to compel Defendants to disclose the full names of the officers involved at this time, Plaintiff's request is denied without prejudice;

(2)    Plaintiff's request to modify the deadline for joinder of parties or amendment of pleadings to forty-five (45) days after the date Defendants disclose the full names of the officers involved is denied.

It is further **ORDERED** that the Rule 16(b) Order (Dkt. 36) is **AMENDED** as follows:

(1)    The parties' Rule 26(a)(1) initial disclosures shall be completed by Friday, August 21, 2020;

(2)    Any amendment of pleadings or joinder of parties is governed by the Federal Rules of Civil Procedure;

(3)    The adopted deadline in the Rule 16(b) Order for joining additional parties or amending pleadings as thirty (30) days after the date of the initial pretrial conference is **VACATED**.

ENTERED this 5th day of August, 2020.

/s/

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia

---

[3] Because Plaintiff has filed a First Amended Complaint and he can no longer amend his complaint as a matter of course, Plaintiff would have to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), which requires the opposing party's written consent or the Court's leave. *See* Fed. R. Civ. P. 15(a)(2). If Defendants do not consent, Plaintiff would need to file a motion for leave to file a second amended complaint with the Court.