IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BENEDICT EMESOWUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 1:20-cv-0113 (RDA/TCB) |
| | ) |
| ASHLEY BUXTON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendants Ashley Buxton and Arlington County's Motion to Dismiss ("Motion"). Dkt. 95. Considering the Motion together with Defendants' Memorandum in Support (Dkt. 96); Plaintiff Benedict Emesowum's Opposition (Dkt. 99); and Defendant's Reply (Dkt. 101), it is hereby ORDERED that Defendants' Motion to Dismiss (Dkt. 95) is GRANTED and this case is hereby DISMISSED.

I.  BACKGROUND

Plaintiff filed this case on February 3, 2020, generally alleging that Defendants violated his civil rights on March 9, 2018 when certain police officers, including Defendant Buxton, briefly detained Plaintiff in a mall parking lot. *See generally* Dkt. 1. After Defendants successfully moved to dismiss Plaintiff's original Complaint, Plaintiff filed an Amended Complaint. *See* Dkt. Nos. 3; 22; 25. The Amended Complaint, much like the original, again alleges several claims arising out of Plaintiff's March 9, 2018 arrest. *See generally* Dkt. 25. Defendants again moved to dismiss the Amended Complaint, arguing that Plaintiff failed to state any plausible claims for relief. Dkt. 26. On June 5, 2020, the Court granted in part and denied in part Defendants' motion, allowing claims against Defendant Buxton, in her individual capacity, and Defendant Arlington County, to

proceed. Dkt. Nos. 31; 32. On June 19, 2020, Defendants filed an Answer and the Court issued a Scheduling Order. Dkt. Nos. 33; 34.

Shortly after discovery commenced, a flurry of discovery-related difficulties ensued, nearly all of which originated directly from Plaintiff. The Court was first alerted to some of these difficulties when Defendants filed their proposed Rule 26(f) discovery plan and stated that Defendants were unable to confer with Plaintiff because he did not provide them with a telephone number, email address, or respond to Defendants' letter requesting to confer regarding the proposed plan. Dkt. 35 at 1. On July 8, 2020, the Court approved Defendants' proposed discovery plan. Dkt. 36. Despite not filing a proposed plan of his own, Plaintiff objected to the Court's approval of Defendants' plan, arguing that, among other things, the July 15, 2020 deadline to amend pleadings or join additional parties "prejudices Plaintiff and puts a time constraint on him[.]" Dkt. 37 at 1-2. Although the Court concluded that Plaintiff had no grounds to object to the Court's Rule 16(b) Order approving the discovery plan because he failed to file a proposed discovery plan of his own, the Court amended its prior Rule 16(b) Order by directing the parties to file Rule 26(a)(1) initial disclosures by August 21, 2020 and vacating its prior thirty-day deadline to amend pleadings or join additional parties in the original Rule 16(b) Order. Dkt. 39 at 4-5. The Court also ordered Plaintiff to comply with Local Civil Rule 7(B) by filing his phone number with the Court and defense counsel by August 10, 2020. *Id.* at 3.

On September 16, 2020, Defendants filed a motion to compel Plaintiff's responses to interrogatories propounded on him by Defendant Buxton and Defendant Arlington County. Dkt. 42. According to Defendants, Plaintiff also failed to comply with the Court's August 5, 2020 Order requiring Plaintiff to file a telephone number and initial disclosures by August 21, 2020. Dkt. 43 at 2. In support of the motion, Defendants argued that Plaintiff selectively responded to

some of their interrogatories but flatly refused to respond to numerous others, including those that sought very basic information, such as Plaintiff's phone number, information concerning Plaintiff's claimed damages, and the factual basis supporting his claims. *Id.* at 6-11. On September 25, 2020, the Court ordered Plaintiff to provide "full and complete" responses to the interrogatories, along with his initial disclosures, by Friday, October 9, 2020 at 5:00 p.m. Dkt. 46 (emphasis in original). Plaintiff was also warned that his failure to comply with the Court's order may result in the imposition of sanctions, or dismissal of the case under Federal Rule of Civil Procedure 37. *Id.*

On October 12, 2020, citing Plaintiff's failure to comply with the Court's September 25, 2020 Order and outlining Defendants' repeated, failed attempts to obtain basic discovery from Plaintiff, Defendants moved to dismiss the case pursuant to Federal Rule of Civil Procedure 37(b) and Local Rule 37(D). Dkt. Nos. 50; 51. In a supplemental filing, Defendants also informed the Court that Plaintiff had created an email address using one of defense counsel's names in an offensive manner. Dkt. Nos. 55; 56.

While Defendants' motion to dismiss was pending, Plaintiff filed a motion to prevent Defendants from taking his deposition, arguing that certain financial and time constraints "caused by this suit" prevented him from being able to sit for the deposition. Dkt. 62. On November 10, 2020, the Court denied Plaintiff's motion, ordering Plaintiff to appear for a deposition "at the soonest possible date arranged by Defendants' counsel." Dkt. 66. Again, the Court warned Plaintiff that his "[f]ailure to appear at the deposition . . . may result in sanctions against him, including dismissal of this case, pursuant to Federal [Rule] of Civil Procedure 37." *Id.*

Citing Plaintiff's failures to exchange basic discovery and sit for a deposition, Defendants also moved to extend the Court's discovery deadline to permit Defendants to depose Plaintiff on

3

December 2, 2020.  Dkt. Nos. 67; 68.  On November 20, 2020, the Court granted Defendants' motion and specifically ordered Plaintiff to appear for "a deposition conducted by remote means on Wednesday, December 2, 2020 at 10:00 a.m."  Dkt. 77 (emphasis in original).  The same day, the Court *sua sponte* ordered Plaintiff to provide Defendants with an email address that did not impersonate defense counsel or that was otherwise defamatory.  Dkt. 76.  On December 4, 2020, Defendants filed a supplemental brief indicating that while Plaintiff had provided them with a new email address, he continued to refuse to sit for his deposition as ordered by the Court.  Dkt. 82.[1]

On January 13, 2021, the Court denied Defendants' Motion to Dismiss pursuant to Rule 37.  Dkt. 91.  Despite the Court concluding that Plaintiff had "clearly violated not just one, but at least three" of its orders in bad faith, and recognizing that Plaintiff had been repeatedly warned that his failure to comply with his discovery obligations and court orders may result in dismissal of his case, the Court found that outright dismissal of the case was too harsh of a remedy for Plaintiff's noncompliance at that time.  *Id*. at 14-17.  Instead, the Court stayed the case and ordered Plaintiff, by 5:00 p.m. on February 15, 2021, to "fully and completely respond to Defendants' interrogatories, schedule a time with Defendants for a virtual deposition, and appear for that deposition."  *Id*. at 17.[2]  The Court also granted Defendants' leave to file another motion to dismiss if Plaintiff failed to comply.  *Id*.

---

[1] On January 13, 2021, Defendants filed a Motion for Summary Judgment (Dkt. 86), which remains pending.  Because the Court concludes that this matter should be dismissed, it declines to rule on Defendants' Motion for Summary Judgment.

[2] Specifically, the Court ordered:

> [T]his matter is STAYED until February 15, 2021, at 5:00 p.m., pending Plaintiff's full and complete responses to Defendants' interrogatories and Plaintiff's appearance for a deposition.  Should Plaintiff fail to adhere to this deadline, Defendant will be granted leave to file another motion regarding Plaintiff's noncompliance.  Plaintiff's failure to fully and completely respond

4

Presently before the Court is Defendants' second Motion to Dismiss (Dkt. 95) pursuant to Rule 37. In support of the Motion, Defendants argue that because Plaintiff failed to comply with the Court's order to completely and fully respond to their interrogatories and schedule a time to sit for a virtual deposition by February 15, 2021 at 5:00 p.m., this matter should be dismissed. *See generally* Dkt. 96. After carefully considering the record in this case and with due consideration to Plaintiff's status as a *pro se* litigant, the Court agrees with Defendants and concludes that this matter should be dismissed for the following reasons.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 37(b)(2)(A) provides when a party fails to obey an order to provide or permit discovery, the court where the action is pending "may issue further just orders[,]" including "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Under Rule 37, courts have "nearly unfettered discretion to control the timing and scope of discovery and impose sanctions for failure to comply with its discovery orders." *Hinkle v. City of Clarksburg*, 81 F.3d 416, 426 (4th Cir. 1996); *see also Vir2us, Inc. v. Invincea, Inc.*, 235 F. Supp. 3d 766, 779 (E.D. Va. 2017) ("District courts enjoy broad discretion to select an appropriate [sanction] in light of the totality of the circumstances.") (internal citation omitted).

In the Fourth Circuit, courts analyze four factors to determine an appropriate Rule 37 sanction: (1) whether the non-complying party acted in bad-faith; (2) the amount of prejudice that noncompliance caused the adversary; (3) the need for deterrence of the particular sort of noncompliance; and (4) whether less drastic sanctions would have been effective. *Anderson v.*

---

to Defendants' interrogatories or appear for a deposition may result in dismissal of this action pursuant to Rule 37(b)(2)(A).

Dkt. 91.

*Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998) (citing *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 505-06 (4th Cir. 1977)).  Under a Rule 37 analysis, "the deterrence and lesser sanctions factors are somewhat intertwined[,]" and courts should consider whether lesser sanctions could deter the behavior at issue.  *Anderson*, 155 F.3d at 505.  Terminating sanctions—*i.e.*, sanctions resulting in a case's dismissal—"are the most severe, [and] such orders must be entered with the greatest caution."  *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993).  At the core of a court's consideration of an appropriate Rule 37 sanction is the recognition that courts "need to preserve the integrity of the judicial process in order to retain confidence that the process works to uncover the truth."  *Projects Mgmt. Co. v. Dyncorp Int'l, LLC*, 734 F.3d 366, 376 (4th Cir. 2013) (internal quotation omitted).

### III.     ANALYSIS

Under the *Anderson* factors, the Court's first task is to consider whether Plaintiff has violated the Court's discovery orders in "bad faith."  *See Anderson*, 155 F.3d at 504.  It must be noted, however, that "*Anderson* does not hold that a district court must find that a party acted in bad faith, it merely holds that in determining what sanctions are appropriate, a district court must consider whether the party acted in bad faith."  *Law Enforcement Alliance of Am., Inc. v. USA Direct, Inc.*, 61 F. App'x 822, 831 (4th Cir. 2003).

Defendants argue that Plaintiff has acted in bad faith by repeatedly refusing to provide "full and complete" answers to their interrogatories and schedule his virtual deposition.  Dkt. 96 at 4-5.  Defendants also note that despite Plaintiff refusing to fully answer certain interrogatories,[3] Plaintiff

---

[3] The Court incorporates by reference its Order (Dkt. 91) on Defendants' first Motion to Dismiss pursuant to Rule 37 (Dkt. 50), which thoroughly detailed the numerous interrogatories Plaintiff failed to respond to, either partially or completely.  *See* Dkt. 91 at 14-16.

later included evidence directly responsive to those missing interrogatory responses in his opposition to Defendants' Motion for Summary Judgment. *Id*. Defendants also argue that Plaintiff has unquestionably acted in bad faith with regard to scheduling his deposition, noting that Plaintiff unreasonably limited his availability to the only two days when defense counsel was unavailable, citing his "work, doctoral school, business, and life" as the reasons for his limited availability. *Id*. at 6-7.

Plaintiff responds by arguing that Defendants are simply unsatisfied with the interrogatory answers he provided and that he has attempted to schedule his deposition. Dkt. 99 at 1. Plaintiff also argues that Defendants, not Plaintiff, are acting in bad faith by filing numerous motions, harassing Plaintiff with frivolous requests on various platforms where he does business, requesting numerous unnecessary hearings, and requesting a seven-hour deposition. *Id*. at 2.

Based on the record before the Court, despite the Court's several accommodations and admonitions, it is apparent that Plaintiff has flagrantly and repeatedly disregarded the Court's discovery orders by failing to completely and fully answer Defendants' interrogatories and by failing to appear for his virtual deposition as he was repeatedly and directly ordered. Although the Court finds Defendants' arguments that Plaintiff has acted in bad faith persuasive, the Court also finds that its prior bad-faith analysis of Plaintiff's discovery conduct is, unfortunately, still equally applicable. *See* Dkt. 91 at 16 (concluding that "Plaintiff has acted in bad faith in light of the fact that he has *blatantly* elected not to comply with not just one, but *multiple* Court orders.") (emphasis in original). But even after the Court admonished Plaintiff and provided him with yet another chance to comply with its orders, Plaintiff again disobeyed the Court and continued to ignore his discovery obligations. Evidence of Plaintiff's bad faith not only permeates the entire record as

presented by Defendants,[4] it is also present in Plaintiff's own filings with the Court. Despite Plaintiff's continued noncompliance with the Court's clear order to schedule his deposition and provide full and complete discovery responses by February 15, 2021, Plaintiff filed a "Notice of Retreat and Vacation" on April 7, 2021, stating that he would "[be] taking [] much needed time off" and would be unavailable for hearings or motions. Dkt. 109. For these reasons, the Court finds that Plaintiff's repeated violations of the Court's discovery orders meet the applicable bad faith standard.

Under *Anderson*, the Court must next determine the degree to which Defendants were prejudiced by Plaintiff's noncompliance. *See Anderson*, 155 F.3d at 504. In this regard, Defendants argue the mere fact that Plaintiff refused to answer their interrogatories and sit for his deposition "greatly prejudices" them. Dkt. 96 at 8. Again pointing to their Motion for Summary Judgment (Dkt. 86), Defendants note that they were significantly prejudiced by being "left to guess" what facts and evidence Plaintiff intended to provide in support of his case, in addition to their evaluation of Plaintiff's version of events and Plaintiff's claimed damages, rendering it nearly impossible for Defendants to develop defenses. *Id*. Plaintiff responds by arguing, in part, that Defendants have not been prejudiced because some of the evidence they seek is publicly available. Dkt. 99 at 5.

The Court agrees with Defendants that Plaintiff's failure to abide by the Court's discovery orders and generally participate in the discovery process has greatly prejudiced Defendants, for the reasons stated in Defendants' Memorandum in Support of the Motion. Dkt. 96. Plaintiff's refusal to sit for a deposition has obviously deprived Defendants of the opportunity to fully

---

[4] *See* Defendants' Reply Memorandum in Support of the Motion, Dkt. 101, cataloging the numerous interrogatories to which Plaintiff refused to respond.

evaluate Plaintiff's case, including Plaintiff's version of events and the factual basis supporting his claims, including damages. More significantly, however, Plaintiff's failure to comply with his discovery obligations has deprived Defendants of the ability to fashion a defense to Plaintiff's entire case, and seriously jeopardized the Court's obligation "to preserve the integrity of the judicial process in order to retain confidence that the process works to uncover the truth." *Projects Mgmt. Co.*, 734 F.3d at 376.

While the Court has concluded that Plaintiff's refusal to comply with its discovery orders was in bad faith and has plainly prejudiced Defendants, the Court must now carefully consider whether dismissal of his case is an appropriate sanction and whether less drastic sanctions are available, particularly in light of the special judicial solicitude afforded to Plaintiff as a *pro se* litigant. *Shaffer Equip. Co.*, 11 F.3d at 461-62; *Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 390-91 (4th Cir. 1990) (observing that "courts traditionally view civil rights complaints, particularly those brought *pro se*, with 'special judicial solicitude.'") (internal quotation omitted).

The Court previously considered whether dismissal was an appropriate sanction in its January 13, 2021 Order on Defendants' first Motion to Dismiss pursuant to Rule 37, concluding, at that time, that dismissal was not warranted given the availability of less drastic measures, such as imposing a stay of the case until Plaintiff complied with his discovery obligations. Dkt. 91 at 16-17. But the Court's stay was not open-ended. The Court very clearly directed Plaintiff to provide complete responses to Defendants' interrogatories and schedule a time to sit for a deposition by February 15, 2021. *Id*. at 17. The Court also warned Plaintiff, yet again, that his failure to fully and completely respond to Defendants' interrogatories or appear for his virtual deposition may result in the dismissal of his case and explicitly provided Defendants leave to file

a second motion if Plaintiff failed to comply. *Id*. at 17. Despite the Court's clear directives, repeated warnings, and the repeated second chances provided to Plaintiff, he has continued to refuse compliance in bad faith. Because the Court's prior remedy to compel Plaintiff's compliance failed, dismissal is now the only appropriate remedy for Plaintiff's misconduct. For these reasons, the Court concludes that this case should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendants' Motion to Dismiss (Dkt. 95) is GRANTED and this case is hereby DISMISSED.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of Court within 30 days of the date of entry of this Memorandum Opinion and Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to Plaintiff and close this civil action.

It is SO ORDERED.

Alexandria, Virginia
September 30, 2021

/s/
Rossie D. Alston, Jr.
United States District Judge